UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
MAYA GOLUBEVA on behalf of herself
and all others similarly situated,

                                                    10 CV 2137 (BMC)

                    Plaintiff,

     -against-

GC SERVICES LIMITED PARTNERSHIP

                    Defendant.
-------------------------------------------------------

## SECOND AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff seeks redress for the illegal practices of GC Services Limited Partnership concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides in New York County, New York.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Citibank.

4.    Upon information and belief, GC Services Limited Partnership is a foreign corporation.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Maya Golubeva*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about June 24, 2009 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said letter is referred to by the defendant as the CITIB-CDP1 letter.

12. Upon information and belief, the said June 24, 2009 is the first letter in the defendant's letter series.

13. Said letter sets forth the balance being $18,378.51.

14. Said letters states in pertinent part as follows: "As of the date of this letter, you owe $18,378.51. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence,

if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you."

15. The language from the said language concerning "an adjustment may be necessary" can be interpreted by the least sophisticated consumer in more than one fashion, one of which is false.

16. The language can be interpreted that the after the payment is received, the consumer may have to pay an additional amount due to an adjustment upward on the account.

17. The language can be interpreted that once the payment is received by the defendant, the defendant will adjust the account accordingly so that the consumer will receive an adjustment so that the consumer will not be required to pay an additional amount.

18. The language attempts to follow the language as set forth in the 7th Circuit decision of *Miller v. McCalla*.

19. The Miller Court stated as follows: ""The requirement is not satisfied by listing a telephone number. It is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and anyway, unless the call is recorded, to authorize debt collectors to comply orally would be an invitation to just the sort of fraudulent and coercive tactics in debt collection that the ACT aimed (rightly or wrongly) to put an end to." *Miler* at 875.

20. The collection letter fails to track the language properly by failing to afford the consumer the opportunity to call or write to the defendant to obtain further information.

21. The letter states in part as follows: "Please remit your balance in full or phone (800) 920-8715... If you have any questions. call the phone number indicated above."

22. Instead of offering the consumer the opportunity to write to the defendant for the latest balance information, the defendant chose to delete the last line from the Miller Court recommendation which can lead to fraudulent and coercive tactics.

23. A reasonable reading of the June 24, 2009 letter is that a consumer is led to believe that interest and charges will be imposed.

24. After the sending of the June 24, 2009 letter, if the consumer pays the amount of the debt in full, there is a possibility that the debtor will be contacted to pay a further amount.

25. If the amount is $25.00 or less, then the debtor will not be contacted to pay a higher amount and the debt will be adjusted to reflect the debt as being paid in full despite the increase on the debt.

26. If the amount is more than $25.00, the debtor will be contacted to pay a higher amount.

27. In fact, and in practice, the "adjustment" language not only can be interpreted. but the defendant actually employs "adjustment" language to mean that if there is a higher amount to pay, then the debtor will be informed to pay the said amount.

28. In practice, certain higher amounts will be adjusted so that the debtor will not have to pay a higher amount.

29. The said June 24, 2009 letter is in violation of 15 U.S.C. § 1692e, 1692e(10) and 1692g for engaging in deceptive practices, for setting forth language which can be

interpreted in more than one fashion, one of which is false, and for failing to accurately and fairly set forth the amount of the debt and confuse the least sophisticated consumer.

30. The plaintiff received a subsequent letter dated July 15, 2009 referred to by the defendant as the CITIB-D-1 letter.

31. Said letter sets forth the amount owed at the same amount as in the said June 24, 2009 letter.

32. Said letter also sets forth the language as set forth in paragraph fourteen above.

33. The explanatory language concerning the amount of the debt is false.

34. The amount of the debt on that date may or may not have been $18,378.51.

35. The least sophisticated consumer is charged with the belief and knowledge that credit card debt increases over time (*See Weiss v. Zwicker*, 664 F.Supp. 219 [E.D.N.Y. 2009]) which did not occur in this instance.

36. After having received the two letters, the consumer may believe that the defendant is not imposing additional interest or other charges for the Citibank purported debt.

37. Upon receipt of the July 15, 2009 letter the consumer would be confused as to the question of the imposition of interest or other charges.

38. The July 15, 2009 letter states in pertinent part as follows: "You have not complied with our previous requests for payment in full on your seriously overdue account."

39. Upon information and belief, there was only one prior request for payment in full from the defendant, meaning the prior June 24, 2009 letter.

40. The least sophisticated consumer could be confused as to the travel of the collection efforts.

41. The defendant's false representations about history of collection of the debt could lead to the consumer to believe that the defendant had been more aggressive in attempting to collect the debt than was actually performed.

42. The said misrepresentation is material especially when dealing with the least sophisticated consumer.

43. The said language is deceptive.

44. The said July 15, 2009 letter was sent within the initial thirty day period.

45. The said letter states in pertinent part as follows: "If you have any questions, call the phone number indicated above."

46. Similar to the initial letter, the defendant has set forth the explanatory language and failed to give the consumer the option of writing to the defendant for the latest balance information.

47. After the sending of the July 15, 2009 letter, if the consumer pays the amount of the debt in full, there is a possibility that the debtor will be contacted to pay a further amount.

48. If the amount is $25.00 or less, then the debtor will not be contacted to pay a higher amount and the debt will be adjusted to reflect the debt as being paid in full despite the increase on the debt.

49. If the amount is more than $25.00, the debtor will be contacted to pay a higher amount.

50. The said July 15, 2010 letter is in violation of 15 U.S.C. § 1692e, 1692e(10) and 1692g.

51. The defendant sent the plaintiff a subsequent letter dated August 10, 2009.

52. Said letter sets forth the balance at $18,922.59.

53. Said balance is an increase over the balance set forth in the prior two letters set forth above.

54. By the time the consumer has received the August 10, 2009, the consumer is utterly confused.

55. The plaintiff received two letters dated June 24, 2009 and July 15, 2009 where the amount of the debt remained the same despite the fact that the letter indicated that the debt would increase.

56. The plaintiff then received the August 10, 2009 letter where the amount of the debt increased.

57. The August 10, 2009 letter also sets forth the explanatory language.

58. The consumer will be confused as to whether the debt increases or not.

59. The said August 10, 2009 letter sets forth a settlement offer in the amount of 70% of the purported outstanding debt.

60. The said August 10, 2009 letter sets forth an amount certain of $13,245.81.

61. The said settlement offer is deceptive.

62. Upon information and belief, there are circumstances where the settlement offer will be revoked within 90 days.

63. The August 10, 2009 contains deceptive representations in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

64.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-63 as if set forth fully in this Cause of Action.

65.     This Cause of Action is brought on behalf of plaintiff and the members of a class.

66.     The Class and sub-classes consist of consumers who received the same form letters as did the plaintiff.

67.     The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent (a) the text of the collection letter CITIB-CDP1 from one year prior to the filing of the initial complaint up to the date of the filing of the initial complaint (b) the collection letter was sent to a consumer seeking payment of an alleged personal debt owed to Citibank; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e, 1692e(10) and 1692g(1).

68.     Sub-class A exists for those members who received the letter dated July 15, 2009 letter concerning Citibank in violation of 15 U.S.C. § 1692e and 1692e(10) and 1692g(1).

69.     Sub-class B exists for those class members where the amount did not increase from the initial collection letter in violation of 15 U.S.C. § 1692e and 1692e(10).

70.     Sub-class C exists for those class members who received the August 10, 2009 letter in violation of 15 U.S.C. § 1692e and 1692e(10).

71.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

8

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

72. Upon information and belief, the defendant is able to perform various searches on its computer system to identify certain debtors.

73. Upon information and belief, on any particular day, the defendant can put blocks of accounts according to dollar amount.

74. Upon information and belief, on any particular day, the defendant can identify a group of debtors according to geographic location.

75. Upon information and belief, the defendant can instruct the dialer system to call certain accounts according to dollar amounts.

76. Defendant was able to randomly pull twelve accounts at three month intervals concerning New York residents.

77. The defendant is able to search for accounts of New York residents based on the current address on the account.

78. Defendant is able to search for blocks of accounts on a particular date from the past.

79. Defendant has the ability to consult with its programmers to determine if the ability exists to identify debtors according to which debtor received which letter.

80. At the deposition taken on August 26. 2010, defendant conveniently testified that it did not know if it could search for accounts which received a certain collection letter.

81. Defendant can search for an account with only the last name of the debtor.

82. Defendant can search for particular Citibank accounts like Citibank Home Depot and Citibank Sears accounts.

83. Defendant performed a random search of twelve accounts, three from each of the four centers around the country which collect Citibank accounts.

84. Two of the twelve accounts set forth that the text of the July 15, 2009 letter sent to the plaintiff was sent to them in about the same time frame as the plaintiff about 20-22 days after the sending of the initial letter.

85. There is a typical pattern of sending the July 15, 2009 letter to certain consumers who purportedly owe a debt to Citibank.

86. Based upon the information defendant provided at the deposition taken on August 26, 2010, plaintiff asserts that plaintiff can satisfy the requirements of Rule 23 in order to certify a class, multiple classes, or class with a sub-class or sub-classes.

87. Based upon the information provided, defendant does have the ability or can create a modification in its computer system to identify which debtors received which collection letters.

88. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

89. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

90. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

91. The defendant's actions violate the Fair Debt Collection Practices Act.

92. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 16, 2010

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)



**GC SERVICES LIMITED PARTNERSHIP**
**COLLECTION AGENCY DIVISION**
6330 GULFTON, HOUSTON, TX. 77081

PO BOX 2667 (064)
HOUSTON TX 77252-2667
RETURN SERVICE REQUESTED
JUNE 24, 2009

## BALANCE DUE STATEMENT



YOU OWE
CITIBANK (SD), N.A.

BALANCE DUE
* $18,378.51

ACCOUNT NUMBER

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

0308109173000405-0185-01
MAYA V GOLUBEVA

8216 17TH AVE FL 2
BROOKLYN NY 11214-2116

PO BOX 1545
HOUSTON TX 77251
                    2089050
(800) 920-8715

**PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.**

RE: SEARS GOLD MASTERCARD

Dear Maya V Golubeva:

Your account with Citibank (SD), N.A., in the amount of $18,378.51, has been referred to us.

By this time you must realize that you are delinquent.

Please send us your payment in full in the enclosed envelope. Please include this letter to assure proper credit of your payment.

Please remit your balance in full or phone (800) 920-8715.

Please make your check payable to Citibank (SD), N.A. and return it with this notice to the post office box listed above. If you have any questions, call the phone number indicated above.

0308109173000405
IMPORTANT: BE CERTAIN YOUR ACCOUNT IS CORRECT.
HOME PHONE        : _____
NEW ADDRESS       : _____
EMPLOYER          : _____  PHONE: _____
EMPLOYER ADDRESS  : _____

NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0982212.

* As of the date of this letter, you owe $18,378.51. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION** CITI9 CDP 1

3157

## GC SERVICES LIMITED PARTNERSHIP

CALIFORNIA RESIDENTS: THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

COLORADO RESIDENTS: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM GC SERVICES 6330 GULFTON, HOUSTON, TX 77081. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE PROPOSITO.
INFORMACION AL CONSUMIDOR:
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS DE RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA VERIFICACION DE LA DEUDA O UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.

LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES MENCIONADO.



GC Services Limited Partnership
Collection Agency Division
6330 Gulfton, Houston, Tx. 77081

PO BOX 1545 (064)
HOUSTON TX 77251
RETURN SERVICE REQUESTED
JULY 15, 2009

**BALANCE DUE STATEMENT**



YOU OWE
CITIBANK (SD), N.A.

BALANCE DUE
* $18,378.51

ACCOUNT NUMBER

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

0308109173000405-0185-02
MAYA V GOLUBEVA

8216 17TH AVE FL 2
BROOKLYN NY 11214-2116

PO BOX 1545
HOUSTON TX 77251

(800) 920-8715
2089050

---

**PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.**

RE: SEARS GOLD MASTERCARD

Dear Maya V Golubeva:

You have not complied with our previous requests for payment in full on your seriously overdue account.

We urge you to take this opportunity to resolve your account or to call us to discuss your account.

Please send the balance in full. For proper credit to your account, please return this notice with payment.

Please make your check payable to Citibank (SD), N.A. and return it with this notice to the post office box listed above. If you have any questions, call the phone number indicated above.

                                    Ms. C. Baker
                                    Account Representative

CITIB-D-1

\* As of the date of this letter, you owe $18,378.51. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0982212.

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

## GC SERVICES LIMITED PARTNERSHIP

CALIFORNIA RESIDENTS: THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

COLORADO RESIDENTS: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM GC SERVICES 6330 GULFTON, HOUSTON, TX 77081. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE PROPOSITO.
INFORMACION AL CONSUMIDOR:
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS DE RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA VERIFICACION DE LA DEUDA O UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.

LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES MENCIONADO.



**GC SERVICES LIMITED PARTNERSHIP**
**COLLECTION AGENCY DIVISION**
6330 GULFTON, HOUSTON, TX. 77081

PO BOX 1545 (064)
HOUSTON TX 77251
RETURN SERVICE REQUESTED
AUGUST 10, 2009

**BALANCE DUE STATEMENT**

| YOU OWE | CITIBANK (SD), N.A. |
|---|---|
| BALANCE DUE | * $18,922.59 |
| ACCOUNT NUMBER | |

USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

0308109173000405-0185-14

MAYA V GOLUBEVA
8216 17TH AVE FL 2
BROOKLYN NY 11214-2116

PO BOX 1545
HOUSTON TX 77251

(800) 920-8715
2089050

**PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT.**

RE: SEARS GOLD MASTERCARD
Our client has authorized us to offer you the opportunity to settle your account. Instead of paying the full balance due on your account, you can pay 70 % of the total amount due and our client will consider this account settled. To take advantage of this offer, contact our office or mail your remittance, in the form of a cashier's check or money order, in the amount of 13245.81. Please note that this letter does not reduce your rights as stated on the reverse side of this letter. If you dispute this account or any portion thereof, please refer to the reverse side of this letter for an explanation of your rights. GC Services does not report any information to any credit bureaus or agencies. Please make your check payable to Citibank (SD), N.A. and return it with this notice to the post office box listed above.

IMPORTANT: This offer only pertains to the referenced account for the client and balance shown above.

The Internal Revenue Service requires our client to provide them with information about amounts of $600 or more that are discharged as a result of a cancellation of debt. If the amount being discharged is $600 or more, our client will be required to notify the IRS of the amount. You will receive a copy of the Form 1099C that will be filed with the IRS.
                              Ms. K. Davis
                              Account Representative
* As of the date of this letter, you owe $18,922.59. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

NYC DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0982212.

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION BSL-CITI

GC SERVICES LIMITED PARTNERSHIP

CALIFORNIA RESIDENTS: THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

COLORADO RESIDENTS: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM GC SERVICES 6330 GULFTON, HOUSTON, TX 77081. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE PROPOSITO.
INFORMACION AL CONSUMIDOR:
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS DE RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA VERIFICACION DE LA DEUDA O UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.

LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES MENCIONADO.