FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 22 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MAYA GOLUBEVA, on behalf of herself
and all others similarly situated,

                              Plaintiff,

                  - against -

GC SERVICES LIMITED PARTNERSHIP,

                             Defendant.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

10 Civ. 2137 (BMC)

**COGAN**, District Judge.

Plaintiff brings this class action against defendant collection agency for various violations of the Fair Debt Collection Practices Act ("FDCPA"). Before the Court is defendant's [21] motion to dismiss plaintiff's second amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendant's motion is denied.

## STANDARD OF REVIEW

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007); accord Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1949-50 (2009)). In other words, a complaint must contain factual allegations to support the legal conclusions and the factual allegations must "plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Second Circuit has explained that under the Twombly standard, a Court's inquiry under Rule 12(b)(6) should be "guided by two working principles." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949) (internal quotation marks omitted). "First,

although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Iqbal, 129 S. Ct. at 1949) (internal quotation marks omitted, alteration in original). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 129 S. Ct. at 1950) (internal quotation marks omitted, alteration in original). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

## DISCUSSION

Plaintiff alleges that she owed a debt to Citibank and that defendant sent her three collection letters: (1) dated June 24, 2009, stating the balance owed was $18,378.51; (2) dated July 15, 2009, stating the same balanced owed - $18,378.51; and (3) dated August 10, 2009, indicating the balance owed was $18,922.59. All three letters contained the following disclaimer:

> As of the date of this letter, you owe [$X.XX]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

The third letter also set forth a settlement offer in the amount of 70% of the debt.

Plaintiff contends that these three letters individually, and collectively, constitute a "false representation or deceptive means to collect or attempt to collect any debt." See 15 U.S.C. §

1692e(10)[1] and 1692g.[2] Although plaintiff alleges that there are some deficiencies in the language of the disclaimer and the settlement offer,[3] the thrust of her complaint is that the combination of the three letters violates the statute. Specifically, she claims that because the disclaimer indicates that interest or late charges may accrue, but the balance owed remained the same in the first and second letters and only increased in the third letter, defendant is misleading consumers as to whether they are imposing additional interest or charges, and confuses them as to the amount owed.

---

[1] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt . . [including] [t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

[2] Section 1692g provides that the notice of debt must contain the following:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[3] Plaintiff contends that the disclaimer is misleading because it is subject to more than one interpretation – that once payment is received, defendant could either make an upwards adjustment and require the consumer to pay more, or make a downward adjustment to reflect a zero balance on the account. Plaintiff also alleges that the 70% settlement offer is deceptive because there are circumstances where the settlement offer will be revoked within 90 days.

Defendant argues that plaintiff's complaint should be dismissed because: (1) she has failed to allege specific facts as to how or why the collection letters violated the FDCPA; (2) the claims raised are frivolous; (3) the alleged statements are immaterial and thus not actionable; (4) the additional statement in the letter that additional interest and fees may accrue does not violate the FDCPA; and (5) the alleged "false, deceptive, or misleading" statements in the letter are not false or misleading.

Defendant does not address the fact that the second letter contains the same "amount due" as the first letter, or plaintiff's allegation that the combination of the three letters created a "false, deceptive or misleading" means of collecting a debt. Rather, defendant's motion focuses almost exclusively on the disclaimer contained in the collection letters and whether the language is in fact deceptive or misleading as a matter of law, under 15 U.S.C. § 1692(g). In support of its position, defendant cites to Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000).[4] In Miller, the Court proposed "safe harbor" language for debt collectors to include in their collection letters, which would warn a debtor that the amount owed may increase over time. Defendant claims that its disclaimer mirrors the language in Miller and thus comports with FDCPA requirements.

Defendant may very well be right that the disclaimer in their collection letters – standing alone – is not deceptive. However, plaintiff has alleged sufficient facts to state a claim that the

---

[4] The "safe harbor" language proposed in Miller is as follows:

> As of the date of this letter you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].

Id. at 875-76.

4

second letter violates the FDCPA by stating an incorrect amount due, and that the *series* of letters is deceptive and misleading.

First, the fact that the second letter contains the same "amount due" as the first letter, states a claim for a violation under 15 U.S.C. § 1692g(a)(1). This section of the statute requires debt collectors to set forth the amount owed, which courts have interpreted as including all interest and other charges as of the date the dunning letter is sent. See, e.g., Kolganov v. Phillips & Cohen Assocs., Ltd., No. 02 Civ. 3710, 2004 WL 958028, at *3 (E.D.N.Y. Apr. 8, 2004) (holding that listing a balance while also noting that the balance does not include additional charges fails to state the amount of debt owed); Adlam v. FMS, Inc., 2010 WL 1328958, *3 (S.D.N.Y. 2010); Dragon v. I.C. System, Inc., 483 F. Supp. 2d 198, 201-203 (D.Conn. 2007); see also Smith v. GC Servs., L.P., No. 03 C 1017, 2003 WL 22208027 (N.D. Ill. Sept. 23, 2003) (denying defendant debt collector's motion for summary judgment where "balance due" did not include "accrued interest," which, if referring to "interest that had already accrued" as opposed to future interest, would violate the FDCPA). The fact that the letters indicate additional interest and fees would accrue, but the balance had not increased between June 24 and July 15, suggests that the balance stated in the second letter did not reflect the total amount of the debt.

Second, the fact that the second letter contains the same "amount due" as the first letter but the third letter sets forth a higher balance could confuse a consumer as to the amount actually owed and the method for how or when additional interest and fees would be calculated. The least sophisticated consumer could be unsure whether that balance includes all interest and fees, whether defendant is in fact charging additional interest and fees, or how an "adjustment" factors into the amount owed under the debt. Moreover, the fact that defendant included a 70% settlement offer in the only letter that contained a greater balance could be construed as a
5

deceptive means to collect a debt by attempting to convince a consumer to take the settlement for fear that the balance would continue to increase.

This Court finds that plaintiff has pled sufficient facts to state a claim under the FDCPA and accordingly, defendant's motion to dismiss is denied.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
      October 21, 2010